```
UNITED STATES DISTRICT COURT                                    C/M
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------- X
                                                  :
   OWEN MARLON ALEXANDER,                         :
                                                  :
                              Plaintiff,          :   MEMORANDUM DECISION AND
                                                  :   ORDER
              - against -                         :
                                                  :   20-cv-5114 (BMC) (RER)
   BREAKING GROUND/CUCS/THE                       :
   HEGEMAN; BROOKLYN HOUSING                      :
   COURT; PAPIRMAN B.C., Caseworker               :
   Adult Protective Services; and                 :
   THE ALEXANDER FAMILY,                          :
                                                  :
                              Defendants.         :
----------------------------------------------------------- X
```

**COGAN,** District Judge.

Plaintiff *pro se* Owen Marlon Alexander has filed this complaint pursuant to 42 U.S.C. § 1983. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915 solely for the purpose of this Order. For the following reasons, the complaint is dismissed.

## BACKGROUND

The complaint provides minimal information and does contain a statement of plaintiff's claim. It merely refers the Court to its attachments. The gist of the complaint is found in the following phrase: "by using the bible, state and federal laws and funds my landlord, NYC, friends, family are manipulating me psychologically [and exercising] coercive control."[1] He asserts that his injuries include "psychological trauma[] due to coercive control," "narcissism abuse," and "severe emotional distress." He seeks damages of $75 billion and to "reside in a

---

[1] Although Plaintiff uses the phrase "guardianship exploration" in his complaint, nothing elsewhere in the submission concerns guardianship.

safe and comfortable environment and also practice real estate." The defendants are Breaking Ground, the organization that operates the supportive housing; the Hegeman, at which he resides; the Brooklyn Housing Court; Papirman B.C., an Adult Protective Services caseworker; and "the Alexander family."

The Court has thoroughly reviewed the 346 pages of documents attached to the complaint. The collection concerns a mélange of topics, including housing matters, personal and family history, his real estate practice, songs he has written, and information related to his faith and heritage.

## DISCUSSION

Under 28 U.S.C. § 1915(e)(2)(B)(ii), a court may dismiss an *in forma pauperis* action if it "fails to state a claim on which relief may be granted." To meet this standard, a complaint must provide "a short, plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), with "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). A claim will be considered plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a complaint is insufficient "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Id. (quoting Twombly, 550 U.S. at 557).

"When a complaint does not comply with the [Rule 8] requirement that it be short and plain, the court has the power, on its own initiative or in response to a motion by the defendant, to strike any portions that are redundant or immaterial, or to dismiss the complaint." Salahuddin v. Cuomo, 861 F.2d 40, 42 (2d Cir. 1988). However, the Second Circuit has noted that dismissal

of claims is "usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised." Id. Moreover, documents filed *pro se* are "to be liberally construed," and "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotations and citations omitted). If a liberal reading of a *pro se* complaint "gives any indication that a valid claim might be stated," a court must grant the plaintiff leave to amend the complaint. Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000). Nevertheless, "a *pro se* plaintiff is not exempt from compliance with relevant rules of procedural and substantive law." McCrary v. Cty. of Nassau, 493 F. Supp. 2d 581, 584 (E.D.N.Y. 2007) (citing Faretta v. California, 422 U.S. 806, 834 n.36 (1975)). At the same time,

In this case, the complaint cannot meet even these liberal pleading standards. Plaintiff has employed the Court's "Complaint for the Violation of Civil Rights" form, invoking 42 U.S.C. § 1983. In order to maintain an action under § 1983, a plaintiff must allege both that the conduct complained of was "committed by a person acting under color of state law" and that the conduct "deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994). Moreover, a plaintiff must allege the direct or personal involvement of each of the named defendants in the alleged constitutional deprivation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010).

This complaint does not come close to stating a claim under § 1983. The Court is unable to identify the substance of any viable claim. Plaintiff has not alleged the violation of a constitutional or federal law, nor has he alleged the personal involvement of any of the

defendants. Thus, the complaint fails to provide fair or reasonable notice of the claims against defendants.

The Court must consider whether the complaint could be construed as alleging other possible claims. It does not. A large portion of the attachments is dedicated to plaintiff's housing. Although there are no factual allegations against any defendant, the attachments include the application to and the lease with the Hegemen, documents related to changes in personnel at the Hegemen, a 2016 housing court matter regarding a noise violation, complaints filed by plaintiff regarding his landlord and neighbors' alleged threats, and a holdover petition pending in housing court. To the extent these documents concern plaintiff's ongoing dispute with his landlord and neighbors, this Court lacks jurisdiction to adjudicate that dispute. Kheyn v. City of New York, No. 10-cv-3233-34, 2010 WL 3034652  (E.D.N.Y. Aug. 2, 2010) ("[I]t is well-settled that the landlord-tenant relationship is fundamentally a matter of state law") (collecting cases); see also Cain v. Rambert, No. 13-cv-5807, 2014 WL 2440596, at *3 (E.D.N.Y May 30, 2014) (federal courts lack jurisdiction over landlord-tenant claims).

Moreover, the Federal Tort Claims Act ("FTCA") cannot provide plaintiff with a basis of relief. Six pages of the attachments concern plaintiff's filing of an FTCA claim with the Environmental Protection Agency ("EPA"). Plaintiff includes the EPA's October 2, 2020 letter denying his claim. The letter provides that plaintiff's claim for $6 billion "against the United States in connection with alleged treatment by you by your landlord, family, friends and other members of society" is not covered under the FTCA, because the alleged damages were not caused by a negligent or wrongful act of that federal agency. Indeed, the FTCA is inapplicable to the vague allegations of this complaint concerning alleged treatment by his landlord, family, friends, and neighbors. See Fanning v. Nat'l Grid/KeySpan, 649 F. App'x 48, 49 (2d Cir. 2016)

4

(the FTCA "does not create a cause of action against private entities; it simply waives the federal government's sovereign immunity for torts committed by its employees in circumstances in which a private individual would be liable").

Thus, the complaint fails to assert any plausible claim for relief. The Court has considered affording Alexander an opportunity to amend the complaint. However, based on the incomprehensible nature of the complaint and the absence of any possible claim, any amendment would be futile and denies Plaintiff leave to amend. See Perry v. Mary Ann Liebert, Inc., 765 F. App'x 470, 473 (2d Cir. 2019). In addition, this is not the first frivolous complaint that plaintiff has filed in this Court. See Alexander v. Program Development Services, Inc., No. 18-cv-1433, 2019 WL 2436436 (E.D.N.Y. June 10, 2019).

## CONCLUSION

The complaint is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962). The Clerk of Court is directed to enter judgment accordingly.

**SO ORDERED.**

                                                                  U.S.D.J.

Dated: Brooklyn, New York
        November 2, 2020